# UNITED STATES DISTRICT COURT
### District of New Mexico

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>**Paul Conrad Ward Jr.** | **Amended Judgment in a Criminal Case - Reason:**<br>**Correction of Sentence for Clerical Mistake (fed. R. Crim. P. 36)**<br><br>(For Offenses Committed On or After November 1, 1987)<br>Case Number: **1:10CR02318-001JB**<br>USM Number: **58267-051**<br>Defense Attorney: **Miles Hanisee, Retained** |

THE DEFENDANT:

☒ pleaded guilty to count(s) **SS1 of Indictment**
☐ pleaded nolo contendere to count(s)  which was accepted by the court.
☐ after a plea of not guilty was found guilty on count(s)

The defendant is adjudicated guilty of these offenses:

| *Title and Section* | *Nature of Offense* | *Offense Ended* | *Count Number(s)* |
|---|---|---|---|
| 18 U.S.C. Sec. 1343 | Wire Fraud | 08/21/2007 | SS1 |

The defendant is sentenced as provided in pages 2 through **7** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count .
☒ Count **s SS 2 through 6** are dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**July 1, 2011**
Date of Imposition of Judgment

**/s/ James O. Browning**
Signature of Judge

**Honorable James O. Browning**
**United States District Judge**
Name and Title of Judge

**September 8, 2011**
Date Signed

Defendant: **Paul Conrad Ward Jr.**
Case Number: **1:10CR02318-001JB**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **21 months**.

The Court has reviewed the factual findings of the Presentence Investigation Report (disclosed May 26, 2011)("PSR"), with care. There not being any objections to those, the Court will adopt those as its own. The Court has also considered the PSR`s sentencing guideline applications. The Court overrules Defendant Paul Conrad Ward`s objection to the PSR`s sentencing guideline applications. As an attorney, see PSR ¶ 87, at 22, Ward possesses a special skill. See U.S.S.G. § 3B1.3 app. n.4 (""Special Skill" refers to a skill not possessed by members of the general public and usually requiring substantial education, training or licensing. Examples would include pilots, lawyers, doctors, accountant, chemists, and demolition experts."). This case does not present a situation where Ward was an attorney and his profession was not a factor in the transaction. See United States v. Burt, 134 F.3d at 998-99 ("For Defendant to be subject to the enhancement, the court must find two things: (1) Defendant possessed a special skill or a position of trust; and (2) Defendant used that skill or abused that position to significantly facilitate the commission or concealment of the offense."). Irene Randall thought that she was using at least some of Ward`s services. See PSR ¶¶ 8-9, at 4-5. Ward`s profession was a factor in Randall`s decision to work with him, and so it facilitated the commission of the offense. See PSR ¶¶ 8-9, at 4-5. Ward agreed to look over some of Randall`s investments, and thus provided some legal and professional opinions. See PSR ¶ 9, at 4. Based on the information Ward provided Randall, and that he was an attorney, Randall entrusted in him and his services, and invested $500,000.00 with him. See PSR ¶ 9, at 4-5. It appears that some legal services were part of the investment. See PSR ¶ 9, at 5. Although Randall never paid a retainer, that Ward is an attorney facilitated the fraud and the abuse of the trust. See PSR ¶ 9, at 4-5. As in United States v. Atkin, 107 F.3d 1213 (6th Cir. 1997), where the United States Court of Appeals for the Sixth Circuit affirmed the district court`s application of U.S.S.G. § 3B1.3, because the client selected Atkin in an attempt to gain favorable treatment, because Atkin had a friendship with the district judge and also "because Atkin was a lawyer," and because Atkin was "well aware that he could use his position and skills as an attorney to conceal the true nature of his actions, and the evidence further supports a finding that he did precisely that," 107 F.3d at 1220, Randall invested $500,000.00 with Ward based on the legal and professional opinions he provided her, and because he was an attorney, and Ward`s legal services were part of the investment. The Court thus finds that Ward`s special skill significantly facilitated the commission of the offense.

Furthermore, Ward "use[d] a fiduciary or personal trust relationship to perpetrate the charged offense against the beneficiary of the trust." United States v. Evans, 44 F. App`x 449, 453 (10th Cir. 2002). Ward and Randall met through Paul Ghera, who the Court assumes was a businessman Ward knew. Randall told Ghera that she wanted to diversify and was interested in real estate. See PSR ¶ 8, at 4. Ghera told Randall that he knew a lawyer, Ward, who could protect her interests in any investment. See PSR ¶ 8, at 4. Ghera set up a conference call between Ward and Randall. See PSR ¶ 8, at 4. Ward tried to get Randall interested in a trade program in the country of Spain, which he said would pay huge returns. See PSR ¶ 8, at 4. Randall asked Ward to review contracts and perform due diligence on a potential agreement she had with a bank. See PSR ¶ 9, at 4. Ward reviewed the bank`s proposals and told Randall he could provide her a better deal than the banks could. See PSR ¶ 9, at 4. Ward told Randall that the credit facility with which she was dealing was offering excessive interest and told her that deal was a scam, but that she was safe with him. See PSR ¶ 9, at 4. Ward told Randall that, if she wired him $500,000.00 by a certain date, he would invest her money in a trade program returning fifteen percent a week and establish three lines of credit for her. See PSR ¶ 9, at 4-5. Based on the information that Ward provided to Randall, and that he was an attorney, Randall trusted in him and his services, and invested $500,000.00 with him. See PSR ¶ 9, at 4-5. Ward did not invest the funds as agreed. See PSR ¶ 7, at 4. He instead diverted the $500,000.00 to himself and others. See PSR ¶ 7, at 4. There was never an investment and, therefore, no return. See PSR ¶ 7, at 4. Randall lost $500,000.00. See PSR ¶ 7, at 4. As in United States v. Evans, where the Tenth Circuit stated: "Defendants received the funds that they were to use to reimburse providers[;] [t]his placed defendants in a personal trust relationship with the providers, and the defendants` demands for kickbacks abused that trust and deprived the providers of reimbursement funds," 444 F. App`x at 453, Randall and Ward had a fiduciary trust relationship, because he reviewed her contracts and gave her financial advice, and Ward used the relationship to get Randall to invest $500,000.00 with him, which he did not invest as agreed. The Court thus finds that Ward abused a position of trust in a manner that facilitated the commission of the offense. See U.S.S.G. § 3B1.3; United States v. Evans, 444 F. App`x at 451-53. The Court therefore overrules Ward`s objection and finds that the PSR appropriately applied the guidelines. Having overruled Ward`s objection to the PSR`s sentencing guideline applications, the Court adopts those as its own.

The Court has also carefully considered the factors set forth in 18 U.S.C. § 3553(a). After a 3-level reduction for acceptance of responsibility, Ward`s offense level is 20 and his criminal history category is I, which establishes a guideline imprisonment range

of 33 to 41 months. Under rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, however, the Court accepts the plea agreement, which includes a specific sentence of 21 months, because the Court is satisfied that the agreed-upon sentence varies for justifiable reasons. The Court notes that Ward committed wire fraud as he used $500,000.00 of Randall`s money for his own personal use and the use of others instead of investing it as promised. Ward has been a member of the California bar for many years. He employed hundreds of people at the peril of his business at a time when the economy in California and the nation changed. Ward is sixty-four years old. He recently suffered a heart attack and underwent a bi-lateral bypass surgery. He was also recently diagnosed with prostate cancer and underwent a prostatectomy. Ward has been apologetic. In the plea agreement, Ward agreed to pay restitution in the total amount of $500,000.00 plus applicable interest to Randall, before the expiration of one year after his release from prison. He additionally agreed to pay Randall`s civil attorneys $30,000.00 in satisfaction of her civil attorneys` fees before the expiration of one year after his release from prison. Ward agreed to pay Randall $200,000.00 before the time of sentencing. At the sentencing hearing on July 1, 2011, Ward delivered a check for $200,000.00 to Randall. This rule 11(c)(1)(C) plea agreement will ensure full restitution to Randall quicker than the law would otherwise require.

The Court has carefully considered the guidelines, but in arriving at its sentence, the Court has taken into account not only the guidelines but other sentencing goals. Specifically, the Court has considered the guideline sentencing range established for the applicable category of offense committed by the applicable category of defendant. After careful consideration of the circumstances, the Court believes that the punishment that the guidelines set forth is not appropriate for this sort of offense or for this defendant. Although he was acting to some degree as an attorney in the relationship, Ward was not operating primarily as an attorney in the relationship. His professional career has been severely damaged, if not ruined. After a lifetime of honorable service, he now will end his professional life in disgrace. He has no prior criminal history, and is unlikely to commit another crime of this nature or of this severity. The Court does not believe a lengthy sentence is needed to deter him further or to protect the public. The guideline sentence is too punitive in this case, and over emphasizes deterrence and protecting the public. The Court has then considered the kinds of sentences and ranges that the guidelines establish, and it agrees with the parties that a sentence of 21 months, with the other considerations that the parties have agreed to, such as restitution, reflects the seriousness of the offense, and is adequate and sufficient to promote respect for the law. A sentence of 21 months provides a more just punishment, particularly because it provides some immediate restitution to Randall. Given Ward`s lack of criminal history in the past, a sentence of 21 months affords adequate deterrence. The Court also believes this sentence is sufficient to protect the public. The Court does not believe that there is any indication that Ward is going to repeat this conduct. Because of some of the things the Court will require as part of supervised release, the Court believes that this sentence will provide Ward with the education, training, and care necessary to prevent this criminal activity from happening in the future. The Court believes that this sentence fully and effectively reflects each of the factors embodied in 18 U.S.C. § 3553(a). And while the Court`s task as a trial court is not to come up with a reasonable sentence, but to balance the 18 U.S.C. § 3553(a) factors correctly, see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court`s job is not to impose a reasonable sentence. Rather, a district court`s mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2).")(citation omitted), the Court believes that this sentence is a more reasonable sentence than the guideline sentence. And perhaps most important in this calculation, the Court believes that this sentence is sufficient, but not greater than necessary, to comply with the purposes of punishment set forth in the Sentencing Reform Act of 1984, Pub. L. No. 98-473, 98 Stat.1987.

☒ The court makes the following recommendations to the Bureau of Prisons:

**The Court recommends Lompoc Federal Correctional Institution, Lompoc, California or FCI Taft, in that order, if eligible.**

☐ The defendant is remanded to the custody of the United States Marshal.
☐ The defendant shall surrender to the United States Marshal for this district:
    ☐ at  on
    ☐ as notified by the United States Marshal.
☒ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    ☒ before 2 p.m. on **October 2, 2011**
    ☐ as notified by the United States Marshal
    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____ at _____ with a Certified copy of this judgment.

UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Defendant: **Paul Conrad Ward Jr.**
Case Number: **1:10CR02318-001JB**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years** .

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
The defendant shall not commit another federal, state, or local crime.
The defendant shall not unlawfully possess a controlled substance.
The defendant shall refrain from any unlawful use of a controlled substance.
The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable).
- ☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable).
- ☐ The defendant shall register with the state, local, tribal and/or other appropriate sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Criminal Monetary Penalties sheet of this judgment.
The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement;

Defendant: **Paul Conrad Ward Jr.**
Case Number: **1:10CR02318-001JB**

## SPECIAL CONDITIONS OF SUPERVISION

**The defendant shall not possess, have under his control, or have access to any firearm, ammunition, explosive device, or other dangerous weapons, as defined by federal, state, or local law.**

**The defendant will be prohibited from incurring new credit charges, opening additional lines of credit, or negotiating or consummating any financial contracts without prior approval of the probation officer.**

**The defendant must provide the probation officer access to any requested financial information, personal income tax returns, authorization for release of credit information, and other business financial information in which the defendant has a control or interest.**

**The defendant will have no contact with the victim at anytime.**

**As to the following standard condition, it shall not apply to employers: as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant`s criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant`s compliance with such notification requirements.**

**The Defendant shall not obtain or maintain employment where he has any fiduciary responsibilities without the prior approval of the probation officer.**

Defendant: **Paul Conrad Ward Jr.**
Case Number: **1:10CR02318-001JB**

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties in accordance with the schedule of payments.
☐ The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

| Totals: | Assessment | Fine | Restitution |
|---|---|---|---|
| | $100.00 | $0.00 | $330,000.00 |

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.
Payment of the total fine and other criminal monetary penalties shall be due as follows:
The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.
A  ☒  In full immediately; or
B  ☐  $ immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

**Special instructions regarding the payment of criminal monetary penalties:Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

**Pursuant to the Mandatory Victim Restitution Act, it is further ordered that the Defendant will make restitution to Irene Randall, in the amount of $330,000.00. The restitution will be paid in monthly installments of not less than $27,500.00 per month after his release from the Bureau of Prisons. Per the plea agreement, the Defendant shall pay the full amount of restitution before the expiration of one year after the Defendant`s release from prison. For tracking purposes, all payments shall be submitted to the Clerk of the Court, Attn: Intake, Case No. 1:10CR02318-001JB, 333 Lomas Blvd. NW, Suite 270, Albuquerque, New Mexico 87102. The payments shall then be forwarded to the victim at the address on file with the Clerk of the Court.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.